# Supreme Court of Florida

_____

No. SC18-1713
_____

**MICHAEL BERNARD BELL,**
Appellant,

vs.

**STATE OF FLORIDA,**
Appellee.

November 7, 2019

PER CURIAM.

Michael Bernard Bell, a prisoner under two sentences of death, appeals the circuit court's summary denial of his second successive motion for postconviction relief filed pursuant to Florida Rule of Criminal Procedure 3.851. We have jurisdiction, *see* art. V, § 3(b)(1), Fla. Const., and review the summary denial de novo, *see Rodgers v. State*, 242 So. 3d 276, 276 n.1 (Fla. 2018).

Bell's first-degree murder convictions and sentences of death have been final for over twenty years, *see Bell v. State*, 699 So. 2d 674 (Fla. 1997), *cert. denied* 522 U.S. 1123 (1998), implicating the one-year time limitation of rule 3.851(d)(1) for filing the motion at issue. However, Bell argues that his motion is

timely based on the exception provided by rule 3.851(d)(2)(B), which applies to a motion that asserts a "fundamental constitutional right" that "was not established within the [one-year time limitation] provided for in subdivision (d)(1) and has been held to apply retroactively." Specifically, Bell argues that, in *Buck v. Davis*, 137 S. Ct. 759 (2017), the United States Supreme Court established, as a new fundamental constitutional right, that the injection of racial bias and prejudice into a criminal trial constitutes per se ineffective assistance of counsel under *Strickland v. Washington*, 466 U.S. 668 (1984). He further urges us to hold that this "new" right retroactively applies to convictions and sentences like his that became final before *Buck* and argues that *Buck* requires us to grant him a new trial because certain arguments that his trial counsel made to his jury injected racial animus into his trial.

We disagree that *Buck* established a new right. Rather, as the circuit court correctly ruled below, in *Buck*, the Supreme Court applied *Strickland*'s long-established standard for evaluating claims of ineffective assistance of trial counsel to the specific facts of the case before it. *See Buck*, 137 S. Ct. at 775-77. Nothing in the Supreme Court's decision purports to replace *Strickland* with a new per se rule. Therefore, Bell's motion is untimely. *See* Fla. R. Crim. P. 3.851(d).

Bell's motion is further procedurally barred because we previously addressed the arguments at issue in affirming the denial of his initial

postconviction motion and held that they did not warrant relief. *See Bell v. State*, 965 So. 2d 48, 59-61, 64-66, 68 (Fla.), *cert. denied*, 552 U.S. 1011 (2007); *cf. Zeigler v. State*, 116 So. 3d 255, 258 (Fla. 2013) (holding that claims "seeking additional DNA testing based on variations of the same arguments [the defendant] made in his previous motion for DNA testing" where the Court had "already affirmed the circuit court's decision of these issues against [the defendant]" in a prior case were procedurally barred by the doctrine of collateral estoppel).

Accordingly, we affirm the circuit court's summary denial of Bell's motion.

It is so ordered.

CANADY, C.J., and POLSTON, LABARGA, LAWSON, LAGOA, LUCK, and MUÑIZ, JJ., concur.

NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING MOTION AND, IF FILED, DETERMINED.

An Appeal from the Circuit Court in and for Duval County,
    Charles Warner Arnold, Jr., Judge - Case No. 161994CF009776AXXXMA

Robert A. Norgard of Norgard, Norgard, & Chastang, Bartow, Florida,

    for Appellant

Ashley Moody, Attorney General, and Jennifer A. Donahue, Assistant Attorney General, Tallahassee, Florida,

    for Appellee